JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP -7 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 851

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE REVCO/ANAC SECURITIES LITIGATION

TRANSFER ORDER*

This litigation presently consists of three actions pending in three federal districts: one action each in the Northern District of Ohio, the Southern District of California and the Central District of California. Before the Panel is a motion by Salomon Brothers Inc (Salomon), a defendant in all three actions, to centralize the actions in the Northern District of Ohio, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. The Ohio plaintiff neither supports nor opposes centralization in the Northern District of Ohio, but does oppose centralization in any other district. Three individual defendants in the Ohio action neither support nor oppose Salomon's Section 1407 motion; one of these defendants suggests the Southern District of New York as a possible alternative transferee forum. Plaintiff in the Southern District of California action opposes Section 1407 centralization. Plaintiffs in the Central District of California action oppose transfer of their action to the Northern District of Ohio; alternatively, these plaintiffs suggest limited coordination of the two California actions only in the Southern District of California.

On the basis of the papers filed and the hearing held, the Panel finds that the Ohio action and the Central District of California action involve common questions of fact and that centralization of those two actions under Section 1407 in the Northern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These common factual questions arise because both the Ohio action and the Central District of California action focus on alleged securities fraud in the distribution and sale of so-called "junk" securities issued by Anac Holding Corporation (Anac) and Revco D.S., Inc. (Revco) in connection with the 1986 leveraged buy-out of Revco. Centralization under Section 1407 is thus desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Although the Southern District of California action shares questions of fact with the other actions in this litigation, we are excluding that action from our transfer order on the recommendation of

---

* Judge Louis H. Pollak took no part in the decision of this matter.

Judge Howard B. Turrentine, before whom the action is currently pending. Judge Turrentine has advised us that discovery in the action is virtually completed and trial is scheduled to commence within 60 days after August 7, 1990. Accordingly, transfer of the Southern District of California action is not now appropriate. See In re Motion Picture Licensing Antitrust Litigation, 468 F.Supp. 837, 842 (J.P.M.L. 1979).

We are persuaded that the Northern District of Ohio is the appropriate transferee forum for this docket. We note that 1) Anac and Revco, the issuers of the securities in question, are headquartered in that district and many relevant witnesses and documents are likely to be found there; 2) related bankruptcy proceedings involving Anac and Revco are pending in that district; and 3) the alleged class action pending there is the first-filed and more comprehensive of the two actions included in our transfer order.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action listed on the attached Schedule A and pending in the Southern District of California be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Central District of California be, and the same hereby is, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Ann Aldrich for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

<u>MDL-851 -- In re Revco/Anac Securities Litigation</u>

<u>Northern District of Ohio</u>

<u>Arsam Company v. Salomon Brothers, Inc., et al.</u>, C.A. No. 1:89-0593

<u>Southern District of California</u>

<u>M. Larry Lawrence v. Salomon Brothers Inc</u>, C.A. No. 89-1654-T

<u>Central District of California</u>

<u>Leonard Friedman, et al. v. Salomon Brothers, Inc., et al.</u>, C.A. No. 89-7450-LEW(Gx)